**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**TY CLARKE, ESQ., SBN 339198**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TClarke@LawyersFTP.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LOYNACHAN, individually and as successor-in-interest to Decedent CHAD LOYNACHAN; JANICE LOYNACHAN, individually and as successor-in-interest to Decedent CHAD LOYNACHAN, <br><br> Plaintiffs, <br><br> v. <br><br> DARLENE SMILEY, in her individual capacity as a law enforcement officer for SISKIYOU COUNTY SHERIFF'S OFFICE; and DOES 1-50, inclusive. <br><br> Defendant. | Case No.: 2:22-cv-00841-WBS-JDP <br><br> <u>PLAINTIFFS' FIRST AMENDED COMPLAINT</u> <br><br> <u>JURY TRIAL DEMANDED</u> |

# INTRODUCTION

1. When Defendant Darlene Smiley shot and killed Chad Loynachan, she knew that Chad could not be in possession of weapons because he had been detained at Siskiyou County Jail for the past two weeks. She knew that he was shackled at the hands and feet because she was the one who did it. Tragically, Defendant Smiley still elected to shoot Chad, robbing Plaintiffs of their beloved son. Chad's parents bring this lawsuit because it is the only way they can learn the truth of Chad's killing, but also with the knowledge that there is no legal remedy that can truly rectify the ultimate loss that a parent endures by the loss of their child.



2. On February 5, 2021, Chad was arrested by California Highway Patrol Officers and detained without incident at the Siskiyou County Jail for the next two weeks.

3. On February 19, 2021, Defendant Smiley, a Siskiyou County Sheriff's Deputy, transported Chad to the Fairfield Medical Center in Yreka, California. Chad was unarmed and handcuffed at the hands and feet during the process.

4. After Chad received medical treatment, Defendant Smiley handcuffed him again and took him to her police vehicle so that they could return to Siskiyou County Jail. At some point during this process, an altercation occurred between Chad and Defendant Smiley while they were in or near Defendant Smiley's parked vehicle.

5. When he was killed, Chad was handcuffed at the hands and feet and unarmed. Nonetheless, Defendant Smiley still shot Chad from close range, killing him.

## JURISDICTION

6. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Yreka, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

7. Decedent CHAD CURTIS LOYNACHAN was an adult, and died intestate with no children, unmarried, and was the biological son of Plaintiffs KEVIN LOYNACHAN and JANICE LOYNACHAN.

8. Plaintiff KEVIN LOYNACHAN is a competent adult, a resident of Oregon, and a citizen of the United States. Plaintiff KEVIN LOYNACHAN is the biological father of Decedent CHAD LOYNACHAN. Plaintiff KEVIN LOYNACHAN brings these claims

individually and on behalf of Decedent CHAD LOYNACHAN on the basis of 42 U.S. §§1983 and 1988, the United States Constitution, and federal civil rights law. Plaintiff also brings these claims as Private Attorney General, to vindicate not only his rights, but also others' civil rights of great importance.

9. Plaintiff JANICE LOYNACHAN is a competent adult, a resident of Oregon, and a citizen of the United States. Plaintiff JANICE LOYNACHAN is the biological mother of Decedent CHAD LOYNACHAN. Plaintiff JANICE LOYNACHAN brings these claims individually and on behalf of Decedent CHAD LOYNACHAN on the basis of 42 U.S. §§1983 and 1988, the United States Constitution, and federal civil rights law. Plaintiff also brings these claims as Private Attorney General, to vindicate not only her rights, but also others' civil rights of great importance.

10. Defendant DARLENE SMILEY was, and at all times herein, is a sheriff's deputy for SISKIYOU COUNTY SHERIFF'S OFFICE and is sued in her individual capacity.

11. In doing the acts alleged herein, Defendant SMILEY acted within the course and scope of her employment for SISKIYOU COUNTY.

12. Due to the acts and/or omissions alleged herein, Defendant SMILEY acted under color of authority and/or color of law.

13. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named was employed by Defendant County at the time of the conduct alleged herein. Plaintiffs allege that each of Defendant DOES 1 through 50 were responsible for the training, supervision, and/or conduct of the police officer and/or deputies involved in the conduct alleged herein. Plaintiffs allege that

1 each of Defendant DOES 1 through 50 were also responsible for and caused the acts and

2 injuries alleged herein. Plaintiff will amend this Complaint to state the names and capacities of

3 DOES 1 through 50, inclusive, when they have been ascertained.

## FACTUAL ALLEGATIONS

14. On or about February 5, 2021, Decedent Chad Loynachan was driving from Oregon to visit his girlfriend in Arizona when he was arrested by the Siskiyou County Sheriff's deputies. He was then detained at the Siskiyou County Jail for the next two weeks.

15. On information and belief, during Mr. Loynachan's detention at Siskiyou County Jail, there were no incidents where he was violent or otherwise threatening towards jail staff or other detainees.

16. On or about February 19, 2021, Defendant Darlene Smiley, a Siskiyou County Sheriff's Deputy, transported Mr. Loynachan to Fairchild Medical Center in Yreka, California to receive medical treatment.

17. On information and belief, Defendant Smiley and/or her fellow deputies at Siskiyou County Jail searched Mr. Loynachan prior to transporting him to Fairchild Medical Center and did not find any weapons.

18. On information and belief, Defendant Smiley handcuffed Mr. Loynachan at the hands and feet after he was finished receiving medical treatment and took him back to her police vehicle so that they could return to Siskiyou County Jail.

19. On information and belief, an altercation occurred between Defendant Smiley and Mr. Loynachan in or near her police vehicle while it was still parked at the Fairchild Medical Center.

20. On information and belief, Mr. Loynachan was unarmed and handcuffed at all points during the altercation. Nonetheless, Defendant Smiley still elected to shoot Mr. Loynachan in the right side of his body.

21. On information and belief, Defendant Smiley did not try to de-escalate the situation or use less-lethal forms of force prior to shooting Mr. Loynachan.

22. On information and belief, Defendant Smiley stood over Mr. Loynachan's body for at least three to four minutes as he lay dying without providing any medical care for Mr. Loynachan. During this time, Defendant Smiley called her supervisor, Lt. Chris Miller, as well as 911, but never attempted to perform CPR or any other basic life save measures on which she was trained, nor did she ever go to the emergency room door a few feet away to ask for medical professionals.

23. Indeed, Yreka Police Department Officer Aaron Smith confirmed in his deposition that when he arrived at Fairchild Medical Center in response to reports of an officer-involved shooting several minutes after the shooting, he was the first person to begin performing CPR on Mr. Loynachan. Another officer went to the hospital's emergency room door and requested medical personnel come outside to help Mr. Loynachan.

24. The medical staff at Fairchild Medical Center attempted to perform life-saving surgery on Mr. Loynachan, but he was ultimately pronounced dead within several hours of being shot.

## DAMAGES

25. As a direct and proximate result of the Defendants' violations of Decedent's and Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Decedent and

Plaintiffs suffered injuries, emotional distress, fear, terror, anxiety, and loss of sense of security, dignity, and pride as United States Citizens.

26. As a direct and proximate result of each Defendants' acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others.

    a. Wrongful death of CHAD CURTIS LOYNACHAN;

    b. Hospital and medical expenses;

    c. Coroner's fees, funeral and burial expenses;

    d. Loss of familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support;

    e. Pain and Suffering, including emotional distress (by all Plaintiffs, based on individual § 1983 claim for loss of familial association);

    f. CHAD CURTIS LOYNACHAN'S conscious pain and suffering, pursuant to federal civil rights law (Survival claims);

    g. CHAD CURTIS LOYNACHAN'S loss of life, pursuant to federal civil rights law (Survival claims);

    h. Violation of constitutional rights; and

    i. All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; and as otherwise allowed under United States statutes and codes.

27. The conduct of Defendant SMILEY and DOES 1-50 was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of CHAD CURTIS

LOYNACHAN, Plaintiffs, and the public. Plaintiffs are therefore entitled to an award of punitive damages against Defendant DOES 1-50.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. § 1983)**
*(PLAINTIFFS against Defendant SMILEY and DOES 1-50)*

28. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

29. Defendant SMILEY shot Decedent CHAD LOYNACHAN when he was handcuffed and unarmed. Therefore, Decedent did not pose a sufficient threat such that the use of deadly force was reasonable. Defendant SMILEY's conduct was excessive and unreasonable, which violated both her training and Decedent's constitutional rights under the Fourth Amendment.

30. As a result of her misconduct, Defendant SMILEY is liable for Plaintiffs' injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Fourth Amendment – Failure to Provide Reasonable Post-Arrest Care under 42 U.S.C. § 1983)**
*(PLAINTIFFS against Defendant SMILEY)*

31. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

32. The Fourth Amendment requires law enforcement officer to provide objectively reasonable post-arrest care. *Mejia v. City of Bernadino,* 2012 WL 1079341, at *5 n. 12 (citing *Tatum v. City and Cty. of San Francisco,* 441 F.3d 1090, 1099 (9th Cir. 2016)).

33. After shooting Decedent CHAD LOYNACHAN when he was handcuffed and unarmed, Defendant SMILEY stood over his body for several minutes without performing any life-saving measures or summoning the hospital medical staff that were merely a few feet away.

34. The care—or lack thereof—that Defendant SMILEY provided Decedent CHAD LOYNACHAN after shooting him was objectively unreasonable under the circumstances and thus violated the Fourth Amendment.

35. As a result of her misconduct, Defendant SMILEY is liable for Plaintiffs' injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Fourteenth Amendment – Familial Loss under 42 U.S.C. § 1983)**
*(PLAINTIFFS against Defendant SMILEY and DOES 1-50)*

36. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

37. By the actions and omissions described above, Defendant SMILEY violated 42 U.S.C. § 1983, depriving Plaintiffs of the following clearly established and well-settled constitutional right protected by the Fourteenth Amendment to the United States Constitution:

　　a. The right to familial association

38. Defendant SMILEY subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein with reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions; or took actions that shocked the conscience.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

//

**JURY DEMAND**

39. Plaintiffs hereby demands a jury trial in this action.

**PRAYER**

Wherefore, Plaintiffs pray for relief as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For punitive damages against Defendant SMILEY & DOES 1-50;

4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§1983 and 1988, and as otherwise may be allowed by federal law against Defendants;

5. For cost of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

Dated: September 25, 2023         POINTER & BUELNA, LLP
                                  LAWYERS FOR THE PEOPLE

                                  /s/ TY CLARKE
                                  TY CLARKE
                                  Attorney for PLAINTIFFS