UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LOYNACHAN, *et al.*, | Case No. 2:22-cv-00841-WBS-JDP |
| Plaintiffs, | **ORDER** |
| v. | IMPOSING SANCTION UNDER FEDERAL RULE CIVIL PROCEDURE 30(d)(2) |
| DARLENE SMILEY, | ECF Nos. 36 & 37 |
| Defendant. | |

    The court previously granted plaintiffs' motion to compel a second deposition of third-party witness Chris Miller after finding that defendant's attorney, James Wyatt, impeded Miller's first deposition by raising improper objections. Pursuant to Federal Rule of Civil Procedure 30(d)(2), the court ordered Mr. Wyatt to reimburse plaintiffs for reasonable expenses incurred in conducting the first deposition and litigating the motion to compel. *See* ECF Nos. 34 & 36. Plaintiffs' attorney, Patrick Buelna, has submitted a declaration requesting $6,500.00 in attorneys' fees and $1,278.20 in costs. ECF No. 37. Defendant filed a response that includes a declaration from Mr. Wyatt, arguing that the requested amount is excessive and that the reasonable expenses for this discovery dispute should not exceed $2,225.00. ECF No. 38.

    Mr. Buelna is a partner who has been practicing law since December 2017. *See* ECF No. 37 ¶ 2-4. The court finds that his proposed hourly rate of $650 is higher than what is typically approved in the Eastern District for attorneys with equivalent experience. Prevailing

1

hourly rates in this district generally fall in the $400 range, with a greater range for partners, commensurate with experience. *See Smothers v. NorthStar Alarm Servs.*, LLC, 2020 WL 1532058, at *9 (E.D. Cal. Mar. 31, 2020) (noting relevant prevailing hourly rates in the $400 range and approving $695 for partner with over thirty years of experience) (citations omitted); *Z.F. v. Ripon Unified Sch. Dist.*, 2017 WL 1064679, at *3 (E.D. Cal. Mar. 21, 2017) (allowing $450 for partner after noting "[p]revailing hourly rates in the Eastern District of California are in the $350-$550/hour range for experienced attorneys with over 15 years of experience in civil rights and class action litigation") (citations omitted). Accordingly, the court determines that $500 per hour is reasonable, as this amount appropriately accounts for Mr. Buelna's experience and position and is generally consistent with the range of rates awarded in other decisions in this district. *See, e.g.*, *Smothers*, 2020 WL 1532058, at *9 (applying hourly rate of $495 for partner with over eleven years of experience); *Franco v. Ruiz Food Prod., Inc.*, 2012 WL 5941801, at *20-21 (E.D. Cal. Nov. 27, 2012) (setting hourly rates for partners ranging from $495 to $652.50 to account for varying experience levels). Additionally, in making this adjustment, the court notes that Mr. Buelna was awarded the same rate—$500 per hour—in a case that he recently litigated in the Northern District. *See Tovar v. City of San Jose*, Case No. 21-cv-02497-EJD (NC) (N.D. Cal. Jan. 6, 2022) (order granting in part plaintiffs' motion for attorneys' fees).

After considering the pertinent filings, the court finds that plaintiffs are entitled to fees and costs totaling $3,028.20 for the following: conducting Miller's first deposition (1 hour = $500); preparing the motion to compel and oral argument (2.5 hours = $1,250); and court reporter costs for the first deposition ($1,278.20).[1] The foregoing expenses and fees, as limited by the court, are reasonable in light of the straightforward nature of the motion to compel, which concerned a single discovery dispute. Additionally, the court declines to award fees for time spent preparing for the deposition or participating in the requisite meet-and-confer process.

Accordingly, it is hereby ORDERED that:

1. Plaintiffs are awarded reasonable expenses and attorneys' fees in the amount of

---

[1] This sanction is personal to Mr. Wyatt and may not be passed along to defendant.

2

$3,028.20, pursuant to Federal Rule of Civil Procedure 30(d)(2).

    2.  Mr. Wyatt shall personally pay this amount to plaintiffs within thirty days of this order's issuance.

    3.  Failure to comply with this order will result in the imposition of additional sanctions.

IT IS SO ORDERED.

Dated:   January 17, 2024                                                  
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE